MR. JUSTICE MORRISON,
dissenting:
I dissent.
In Linder v. Smith (Mont. 1981), 629 P.2d 1187, 38 St.Rep. 912, this Court struck, as unconstitutional, a statutory provision requiring confidentiality in panel proceedings. We said.
“. . . Section 27-6-704(2), MCA, provides that: (n)o statement made by any person during a hearing before the panel may be used as impeaching evidence in court.” In order to uphold the constitutionality of the panel act, we determine that this section must be severed from the act. It is fundamental to our adversarial system that litigants retain the right to impeach the sworn testimony of a witness testifying against them. We are mindful that this provision was enacted to aid the fact finding by the panel and to preserve the confidentiality of the proceedings. But we cannot say that a litigant will receive a full and fair hearing if he is unable to fully cross-examine in court the witnesses that testified in the prior hearing.”
*77 Linder, 629 P.2d at 1192, 38 St.Rep. at 918.
The effect of our decision today is that, although you have a constitutional right to impeach with testimony given during the panel hearing, you do not have a right to have a transcript of that testimony. How can you cross-examine effectively at time of trial without transcript of the panel testimony? If Linder is to be overruled then the majority should say so.
Unfortunately, the majority’s decision is motivated by fear that lack of confidentiality will destroy the effectiveness of the panel proceeding because doctors will not participate. We should not concern ourselves with this issue. This panel proceeding was established for the benefit of doctors. They are given special consideration not given other defendants in the tort system. If they do not wish to participate, that is their problem.
I might add that the majority’s decision should discourage plaintiff’s counsel from participating in the panel proceedings. If plaintiff’s counsel extensively cross-examines doctors who are to be defendants, without the aid of a transcript, the doctors will be educated about the flaws in their case and will be able to subsequently shore up the lines of defense without responsibility for their earlier testimony. Under these circumstances I cannot conceive of plaintiff’s counsel participating in the hearing process.
I am also disturbed by the suggestion that doctors will not participate in the panel process with a court reporter present. I can only assume that those making that suggestion do not want to be held accountable for the testimony given at hearings. If a witness is not to be accountable for what is said what credibility is there and why have a panel hearing at all?
I would affirm Judge Bennett’s declaratory judgment.